UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIAMOND TUCKER ST. PROPERTY, LLC, REDEMPTION, LLC, WESTFAIR, LLC, and THE WOODS LAW FIRM, P.C.,

Plaintiffs,

*– against –*

STATE OF CONNECTICUT JUDICIAL BRANCH INFORMATION TECHNOLOGY DIVISION A/K/A JUDICIAL INFORMATION SYSTEMS,

Defendant.

**ORDER**

26 Misc. 334 (ER)

RAMOS, D.J.:

Plaintiffs Diamond Tucker St. Property, LLC, Redemption, LLC, Westfair, LLC, and Woods Law Firm, P.C. filed a petition to perpetuate testimony pursuant to Rule 27(a)(1) on July 4, 2026. Doc. 1. Defendant State of Connecticut Judicial Branch Information Technology Division filed a response opposing Plaintiffs' petition on September 21, 2026. Doc. 13. A hearing on the petition was held on October 7, 2026.

In their Rule 27 petition, Plaintiffs state that they expect to be parties to a lawsuit involving claims pursuant to 42 U.S.C. § 1983 and state law tort claims but allege that they are unable to bring suit because they cannot establish the identifies of specific actors responsible for the statutory violations. Doc. 1 ¶ 1. Specifically, Plaintiffs seek to resolve an alleged discrepancy between a June 21, 2024 file date and a September 3, 2024 file stamp on a hearing transcript filed in a separate Connecticut state court case, *Pupovic v. Diamond Tucker St. Property, LLC,* FBT-CV23-6129303-S (Conn. Sup. Ct., filed Nov. 28, 2023). Doc. 13 at 1. Plaintiffs seek to depose three individuals: (1) Lucio DeLuca, Director of the State of

Connecticut Judicial Branch's IT Division, and (2) "Witnesses A & B," whom Plaintiffs refer to as "Judicial Branch Personnel." Doc. 1 ¶ 5,6. Using the testimony from these depositions, Plaintiffs seek to recover specific metadata and audit trails to resolve the alleged discrepancy in the transcript. Doc. 1 ¶ 5,6. Defendant opposes Plaintiffs' motion to perpetuate testimony, arguing that the Petition is procedurally deficient under Fed. R. Civ. P. 27(a), and that the Petition aims to conduct pre-suit discovery outside the scope of Rule 27. Doc. 13 at 5-11. On October 7, 2026, Plaintiffs filed an amended Petition that is identical to the original Petition, except that it appears to have been verified by Sean Fillinch and Roderick D. Woods. Doc. 18 at 3.

Plaintiffs' petition must be denied, as it fails to follow several of the procedural requirements under Fed. R. Civ. P. 27(a). First, Petitioner must "expect[] to be a party to an action cognizable in a United States court" but must be unable to "bring [the suit] or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). Plaintiffs state that they "expect to be parties to an action cognizable in a United States Court involving claims filed pursuant to 42 U.S.C. § 1983 and supplemental state law tort claims." Doc. 1. However, the Eleventh Amendment bars Plaintiffs from bringing § 1983 claims against the proposed Defendants, who are employees of the State of Connecticut Judicial Branch, *see Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 40, making Plaintiffs' claims not cognizable. Also, given that Plaintiffs are currently parties to several lawsuits[1] involving the same facts and have already issued a subpoena to Director DeLuca on September 9, 2026 in connection with that matter and seeking a similar

[1] *Pupovic, et al. v. Diamond Tucker St. Property, LLC, et al.*, No. 3:25-01969 (D. Conn.); *Pupovic, et al. v. Diamond Tucker St. Property, LLC, et al.*, No. 3:25-00081 (D. Conn.); *Fillinich v. Pupovic, et al.*, No. 8:25-03512 (D. Md.); *Diamond Tucker St. Property, LLC, et al. v. Pupovic, et al.*, No. 1:25-01204 (N.D.N.Y.); *Diamond Tucker St. Property, LLC v. Watson, et al.*, No. 1:25-01746 (S.D.N.Y.); *Westfair LLC v. Pupovic, et al.*, No. 7:24-05879 (S.D.N.Y.); *Diamond Tucker St. Property, LLC v. Pupovic, et al.*, No. 7:24-08373 (S.D.N.Y.); *Diamond Tucker St. Property, LLC, et al. v. Pupovic, et al.*, No. 7:25-06336 (S.D.N.Y.); *Diamond Tucker St. Property, LLC v. Watson*, No. 2:25-13006 (D.S.C.).

production of documents, *see* Doc. 13, Exhibit D, Plaintiffs fail to establish that they are unable to bring suit or obtain the relevant information from other currently available means.

Second, the petition must describe "the subject matter of the expected action and the petitioner's interest." Fed. R. Civ. P. 27(a)(1)(B). Plaintiff's petition fails to describe the subject matter of the expected action nor Plaintiff's interest in the action, as it merely states that Plaintiffs expect to be parties to a lawsuit involving § 1983 claims and supplemental state law tort claims. Doc. 1. ¶ 1.

Third, the petition must contain "the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known." Fed. R. Civ. P. 27(a)(1)(D). Neither Plaintiffs' Petition, their Reply memorandum, nor their amended Petition discloses the identities of any expected adverse parties to the action. Docs. 1, 17, 18. Counsel also did not disclose the names of any individuals at the hearing held on October 7.

Lastly, the petition must contain "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(E). Neither Plaintiffs' petition nor their amended Petition lists Director DeLuca's address nor discloses the substance of his expected testimony. Docs. 1, 18. Furthermore, neither the Petition nor the amended Petition discloses the names, addresses, nor the expected substance of testimony of "Witnesses A & B." *Id.*

Additionally, on September 15, 2026, Plaintiff served subpoenas on six Judicial Branch employees: (1) Frank Rizzo, (2) Ashleigh Doherty, (3) Robert Wilock II, (4) Patrick Whitney, (5) Andrew Cucuzza, and (6) Nicholas Kowaleski. Doc. 16 at 2. On September 28, 2026, Defendant filed a motion to quash these subpoenas, arguing that (1) Plaintiffs aim to use these subpoenas to obtain information directly from Defendant and evade the requirements of Rule 27 and that (2) the doctrine of sovereign immunity under the Eleventh Amendment bars Plaintiff

from issuing subpoenas on state employees. Doc. 16 at 4-7.

Defendant's motion to quash Plaintiffs' subpoenas is also granted because the subpoenas fail to follow several procedural requirements of Rule 45, as they do not state a civil action number and have not been tendered with requisite witness fees. Fed. R. Civ. P. 45(a)(1)(A)(ii), (b)(1). Furthermore, given that "the purpose of [Rule 27] is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence," *In re Wolfson*, 453 F. Supp. 1087, 1096 (S.D.N.Y. 1978), permitting Plaintiffs to issue these subpoenas, thus allowing them to circumvent the requirements of Rule 27, would be improper.

Accordingly, Plaintiffs' motion to perpetuate testimony is DENIED and Defendant's motion to quash Plaintiffs' subpoenas is GRANTED. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 9, 2026
New York, New York

Edgardo Ramos, U.S.D.J.